Thank you, Your Honor. This is a cross appeal by Vivid Seats for its motion for attorney's fees that the court denied with a text order in work before this court addressing this case. Can I just clarify something? I think it is clear. If we vacate the judgment in the other case and send it back, then you're no longer a prevailing party and the question of fees, at least at this stage, goes away. Do you have any dispute about that? I do not but if this court decides that it wants to remand to see if Mankes can plead additional facts, then we will again test that theory below and yes, then we would be back before the court and not have a motion, right motion for attorney's fees. I'm not quite sure I heard as clear an answer as seems to me warranted. If we vacate the judgment in your favor, that vacate the judgment that was in your favor so you no longer have a judgment in your favor and the case is not over and it goes back for further proceedings, you are no longer a prevailing party and therefore you cannot get fees on the original judgment on which you did prevail. That's correct. The issues here are both whether the case is exceptional under octane fitness and whether the district court provided sufficient analysis for an adequate appellate review. He's looking at the shifting legal landscape that we had here and taking into account the discussion that you just heard in the preceding case. Isn't it difficult to argue that this is an exceptional case? You see there's questions here that don't they seem to take this case out of the exceptional case category? I disagree and here's why. Starting out with 271B and the pronouncement from this court's 2012 opinion in Akhmai, that opened the door for liability under 271B. Once that door was closed by the Supreme Court, that began a point in time where the case became exceptional. There was no longer a cause of action under 271B. We can debate and argue as to whether there was amended complaint when the original complaint was challenged for lack of sufficient facts pledged to support even 271B under the existing 2012 opinion of this court on bond. Council for my case amended the complaint. We move into a phase of staying the case where there are concessions, multiple concessions, where there is not a claim for direct infringement. The law changes arguably expanding the scope for actual 271A infringement. Arguably. I believe that under the joint enterprise theory it did not change. Direction and control it became more specific as to conferring a benefit or receiving some incentive to perform the method that are claimed. Then you have some manner or time control tied to those steps. And opened the possibility that particular facts might warrant a finding of attribution and control when we see those particular facts. In another case. This case is so closely aligned to the it would have to be a reversal of that existing precedent. And I don't believe that given that's courts and the question earlier from Judge Chen as to whether there was a consideration at that point in time of the precedent in Akamai which was that case was remanded to reassess 271B but the facts as pledged and which were much more evolved than in this case where we have a pleadings. There was an absolute finding that there was no direct infringement under 271A. Can I get a Judge Shaw's question? I guess in this way. Even if we did not have the August Anbank opinion, what makes it, I'll just use the word unreasonable, unreasonable for Mankes to press a claim that it acknowledges would require a change in governing law on a subject in which it's hard to dispute, I think, the proposition that that legal standard was in play. We had granted, this court had granted Anbank review of it. Didn't decide it in 2012, but it had granted in, I guess, a pair of cases the review of whether BMC and Muni Auction stated the correct standard. Why is it unreasonable to press a claim that expressly asks for a change in law on a topic where that is very much in play? Well, you've got Mr. Mankes in his reply brief stating that he has sufficient facts. He's invited this court to make the decision based upon the facts. Claims that there are sufficient facts in the amended complaint to support direction and control, and for the first time, there is a claim that there are sufficient facts to support a joint enterprise theory, and we strongly dispute that. So you can take the facts rather than remand and go back down and see whether there are additional facts. Look at the reply brief and there is further evidence of moving positions and arguments beyond what the law has changed to make claims that there was initially no claim for direct infringement. Then there is a claim for direct infringement. Then there is a claim for direction and control. And now in the reply brief, we have a claim for joint enterprise. This moving target is directly counter to what is permissible under the corporate of Charlestown v. Ligon, 67 F. 2nd, 238, line of fourth circuit case law that prescribes any change in position like we've seen here where the facts are stacked. So if you presume after one opportunity to amend the complaint and take the facts in light most favorable to Mr. Mackey's and it's purported in the reply, they sufficiently meet, as they are arguing, direction and control or joint enterprise. So we're having a hard time figuring out, A, what the claim is, and that's the reason for the change in the law. The change in the law is convenient for Mr. Mackey's to come back and try to make an additional claim. But the basis, specifically relying on dicta from on demand as the sound reason for why his 271 claim, A claim, should survive, on the existing facts, that's impermissible. And we haven't got a lengthy record here, but looking at the patent itself and going back to the differences in the parties here, when you have a local event server in every one of the four independent claims. Can I just ask maybe, I guess this is a version of the question I asked in the last case, did you make an argument to the district court that even if the on-demand formulation was correct law, nevertheless, this complaint had to be what was insufficient? No, because under 271B, as the theory, the principle theory that we believe was only in the amended complaint, that argument was the focus of our motion for judgment on the pleadings. In the district court starting in August of 2014, you, I gather, had an argument that there was no direct infringement theory in the case, but you also, I assume, argued that even if the theory was in the case, it was meritless and judgment had to be granted rejecting that. So put aside waiver and let's now assume that there's a direct infringement theory in the case. Did you argue on that question that you were entitled to judgment on the pleadings, even if the district court adopted the formulation in the on-demand case? No, we did not. The pleadings in this case also are significant in that going back to the response in opposition to our motion for server blocking. Can I just interject, did you happen to know, did Fandango make that argument? I don't know. Was this all conducted in one session or were there two separate? There were separate cases. Right, but was there an oral argument? No, this was just on the table. Okay, thank you. But if you also look at the response in opposition to the motion for server ply, there is an argument that Mankies makes that the pleadings in this case are irrelevant. So we're moving from an amended complaint with a 271B theory alone to a response in opposition to a motion for judgment on the pleadings, opening a 271A argument for the first time, to a statement that the law must change based upon the dicta and on-demand, to now a position where the facts of the amended complaint are sufficient, to finally the argument is that the case law, I mean the pleadings in this case are irrelevant and that we should just proceed to discovery. That flies in the face of Icky Ball and Twombly and much of this court's precedent and I'm going to reserve the remaining minutes. Thank you. Please. Thank you, Your Honor. I don't recall ever stating today and I certainly don't recall ever writing in the brief that we found the pleadings to be irrelevant. We believe our position has consistently been that we've met the requirements of pleading as articulated by this court as set forth by Form 18 and that's all that needs to be met at the Rule 12 stage. The issue on the current panel discussion is whether Chief Judge Flanagan abused her discretion in denying Vivid Seat's motion for attorney fees. This court in Wedgestone v. Huddlestone, Deluxe 576 F3, 1302 at page 1305 explained that in fee motions the district court is deserving of a very high degree of discretion. The district court... I think we know all of that. Your argument about why this is not exceptional is that it's perfectly reasonable for you to have presented a claim arguing for a change in law. The shape of that change in law might have been on demand, might have been something else, and there's nothing unreasonable about that. I mean is that the... That's your argument. There were plenty of third parties writing, filing amicus briefs, Judge Moore's. I don't know if it's in part and dissenting in part or if it's just dissenting, but in the 2012 ACME en banc decision we thought was exactly on point. We weren't alone in advocating that divided infringement should proceed under 271A consistent with theories of joint liability found in the restatement of torts. And finally in the 2015 en banc decision this court has at least opened the door to looking at the restatement and expanding theory of divided infringement. It opened the door to the restatement and finally articulating a clear standard for what constitutes a joint enterprise. So yes, we believe our client proceeded in pursuit of a good faith extension of the law and we think the law has come closer to what Manx has advocated and believe that his pleadings then and now put forth the good faith basis for divided infringement and an actional basis, at least in light of the August 2015 en banc decision. There's no record evidence of inequitable conduct, vexatious litigation, or any other form of litigation misconduct. It's he's simply advocated for expanding the law of divided infringement. In fact, we think that that has happened. Thank you, your honor. Thank you. Mr. Matthews, you have four minutes and change. And I won't take all the court's time. I just want to thank you for formulating a plausible claim under Twombly and Iqbal and setting forth a claim even under what might be a open standard for further review. Looking at the claims, the facts don't support the case against Vivid Seeds. These are ticket resellers. There's no inventory control here. They have no knowledge of the amphitheater or the movie theater that they are reselling tickets. And that is in the complaint, is in the record. So there's no question there is a reseller here of tickets. It's further removed from the position that I believe Vandango is in. That plus the actions, the email correspondence, the positions taken that were a moving target make this case unreasonable. And that's the reason why looking at the facts and looking at the claim language, it is impossible that these claims could be infringed under any theory. Thank you very much.